# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAMONT WILLIAM PAPAKEE,<br><br>Defendant. | No. 06-CR-162-1-LRR<br><br>**ORDER** |

———————————

*TABLE OF CONTENTS*

I.   *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.  *PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III. *THE ARGUMENTS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

IV.  *RULE 413* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

V.   *RULE 403* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    A.   *Probative Value* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

    B.   *Prejudicial Effect* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

    C.   *Balancing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

VI.  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## *I. INTRODUCTION*

The matter before the court is the government's Motion for the Admission of Evidence ("Motion") (docket no. 45).

## II. PROCEDURAL BACKGROUND

Defendant LaMont William Papakee is charged in a two-count Superseding Indictment with his co-defendant, Connie Frances Blackcloud.[1] Count 1 charges Defendant with Aggravated Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 2, 1151, 1153 and 2241(a)(1). Count 2 charges Defendant with Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 2, 1151, 1153 and 2242(2).

On March 12, 2007, the government filed the Motion. On March 19, 2007, Defendant filed a Resistance. On March 20, 2007, the court held a hearing ("Hearing") on the Motion. Assistant United States Attorney Ian Thornhill represented the government. Attorney Renée Sneitzer represented Defendant, who was personally present.

## III. THE ARGUMENTS

In the Motion, the government seeks permission to present evidence at trial that Defendant has a prior sexual assault conviction. At the Hearing, the government presented Exhibit 1, which is a certified copy of Defendant's 1994 conviction for Assault with Intent to Commit Sexual Abuse in the Iowa District Court in and for Tama County ("1994 Conviction"). The government offers the 1994 Conviction pursuant to Federal Rule of Evidence 413, in order to show that Defendant has a propensity to commit the crimes charged in the Superseding Indictment.

Defendant resists the Motion. Defendant alleges that evidence of his 1994 Conviction is not admissible, because the government failed to comply with the fifteen-day disclosure requirement of Rule 413(b). In the alternative, Defendant alleges that, even if such evidence is admissible, it should be excluded pursuant to Rule 403. Defendant contends that the probative value of the 1994 Conviction is substantially outweighed by the

---

[1] On December 7, 2006, Defendant and Blackcloud were charged in a one-count Indictment with Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 2, 1151, 1153 and 2242(2). On March 7, 2007, the Superseding Indictment was filed.

2

danger of unfair prejudice, confusion of the issues and misleading the jury, as well as considerations of undue delay and waste of time.

## IV.  RULE 413

Generally, evidence of prior bad acts may not be used "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such "propensity evidence" "is ordinarily excluded because of the likelihood the jury may misuse it." *United States v. Johnson*, 439 F.3d 884, 887 (8th Cir. 2006). Propensity evidence "tends to distract the trier of fact from the main question of what actually happened on the particular occasion." *Id.* (citation and internal quotation marks omitted). "It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *Id.*

Notwithstanding the general ban on propensity evidence, Federal Rule of Evidence 413 is a "general rule[] of admissibility in sexual assault . . . cases for evidence that the defendant has committed offenses of the same type on other occasions . . . .'" *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (quoting 140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)). Congress enacted Rule 413 to "supersede . . . the restrictive aspects of . . . Rule 404(b)." *Id.* In pertinent part, Rule 413 provides:

> (a) In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.
>
> (b) In a case in which the [g]overnment intends to offer evidence under this rule, the attorney for the [g]overnment shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days

3

before the scheduled date of trial or at such later time as the
court may allow for good cause.

Fed R. Evid. 413(a)-(b).

The court shall assume for the sake of argument that the government complied with the fifteen-day disclosure requirement of Rule 413(b), and thus Exhibit 1 is admissible under Rule 413.[2]

### V.  RULE 403

"Evidence admissible under Rule 413 is still subject to the requirements of Rule 403." *United States v. Crawford*, 413 F.3d 873, 875 (8th Cir. 2005). Rule 403 provides for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay [or] waste of time . . . ." Fed. R. Evid. 403.

In conducting its Rule 403 analysis, the court must recognize the "strong legislative judgment [expressed in Rule 413] that evidence of prior sexual assaults should ordinarily be admissible." *LeCompte*, 131 F.3d at 769. "The presumption is in favor of admission." *United States v. Sumner*, 119 F.3d 658, 662 (8th Cir. 1997) (citations and internal quotation marks omitted). "The underlying legislative judgment is that [evidence that is admissible pursuant to Rule 413] is typically relevant and probative, and that its probative value is not normally outweighed by any risk of prejudice or other adverse effects." *Id.*[3]

Bearing in mind these principles, the court now weighs the probative value against

---

[2] Defendant does not dispute that either the instant charge or the 1994 Conviction is "an offense of sexual assault."

[3] It appears that the Eighth Circuit Court of Appeals has never reversed a district court for admitting Rule 413, Rule 414 or Rule 415 evidence over a Rule 403 objection. *See generally United States v. Bentley,* No. 06-CR-155-LRR, 2007 WL 576524, *4 n.4 (N.D. Iowa Feb. 21, 2007) (citations omitted). It has reversed a district court for excluding such evidence. *See, e.g., LeCompte*, 131 F.3d at 768-70.

4

the prejudicial effect of Defendant's 1994 Conviction.

## A. *Probative Value*

The government has not presented the court with any testimony regarding the underlying facts of the 1994 Conviction. Rather, the government relies upon the statutes of conviction to establish the probative value of the 1994 Conviction. Those statutes provide:

> **708.1 Assault defined.**
>
> A person commits an assault when, without justification, the person does any of the following:
>
> 1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
>
> 2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
>
> 3. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another. . . .
>
> **709.11 Assault with intent to commit sexual abuse.**
>
> Any person who commits an assault, as defined in section 708.1, with the intent to commit sexual abuse is guilty of . . . an aggravated misdemeanor if no injury results.

Iowa Code §§ 708.1, 709.11 (1993) (emphasis in original). The elements of Assault with Intent to Commit Sexual Abuse are: (1) an assault, (2) with the intent to commit a sex act, (3) by force or against the victim's will. *State v. Beets*, 528 N.W.2d 521, 523 (Iowa 1995); *State v. Lessner*, No. 99-0979, 2000 WL 504654, *3 (Iowa Ct. App. Apr. 28,

5

2000).

When only the statutes of conviction are considered, the court finds that the 1994 Conviction has minimal probative value.  Certainly, the 1994 Conviction is *some* evidence that Defendant has a propensity to commit sexual assault and thus is more likely to have committed the crimes charged in the Superseding Indictment.  The possible range of conduct underlying the 1994 Conviction, however, is very broad.  There is no evidence in the record that indicates that the conduct underlying the 1994 Conviction was similar to the alleged conduct underlying the Superseding Indictment.  *See United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998) (noting that "the similarity of the prior acts" to the acts at issue in the case is a factor to be considered in determining their probative value); *cf. United States v. Tail*, 459 F.3d 858, 859 (8th Cir. 2006) (affirming admission of Rule 413 evidence over Rule 403 objection "because it involved the same victim and an act that occurred close in time and under circumstances similar to the crime charged in this case"*)*; *United States v. Medicine Horn*, 447 F.3d 620, 622-23 (8th Cir. 2006) (affirming admission of Rule 413 evidence over Rule 403 objection, because the charged crime and prior bad acts were "substantially similar," insofar as all of the victims were teenage girls, each assault occurred after a party at which the victim consumed alcohol, the defendant removed each victim's pants and defendant used force and stopped the victims from crying out); *United States v. Withorn*, 204 F.3d 790, 794-95 (8th Cir. 2000) (affirming admission of Rule 413 evidence over Rule 403 objection because "[t]he [prior] incident . . . was substantially similar," insofar as the victims had similar ages, defendant threatened both victims not to inform anyone about the assaults and both assaults involved force and occurred in isolation); *United States v. Fool Bull*, 32 Fed. Appx. 778, 779 (8th Cir. 2002) (affirming admission of Rule 413 evidence over Rule 403 objection, because there were "[m]any similarities . . . between the events described by the Rule 413 witnesses and the crimes charged"); *LeCompte*, 131 F.3d at 769 (reversing exclusion of

6

prior sexual assault evidence in part because charged conduct and prior bad acts all involved sexual abuse against the defendant's young nieces).

In the Superseding Indictment, the government alleges that Defendant used an object to penetrate the genital opening of a female, while she was incapable of apprising the nature of, declining to participate in or communicating her unwillingness to engage in, such penetration. The government intends to show that Defendant and Blackcloud committed violent and sadistic acts: the victim allegedly suffered a beating about her head, as well as bruises, lacerations and burns on her body, including cigarette burns on her buttocks and vagina. *See United States v. Papakee*, No. 06-CR-162-1-LRR, 2007 U.S. Dist. LEXIS 20680, at *5-*10 (N.D. Iowa Mar. 21, 2007) (adopting report and recommendation in part and denying defendant's motion to suppress while detailing government's allegations). Exhibit 1 does not disclose any similarities to such conduct, apart from the similarities inherent in all Rule 413 evidence, which include the commission of some assault with the intent to commit sexual abuse against a victim's will. *See Beets*, 528 N.W.2d at 523. For example, the court does not know the age or gender of the victim or any of the circumstances surrounding the 1994 Conviction.

Exhibit 1 *does* expose a significant dissimilarity to the conduct alleged in the Superseding Indictment, however. In the case at bar, the government alleges that Defendant engaged in violent and sadistic acts towards the victim, which resulted in severe injuries. To the contrary, the conduct underlying the 1994 Conviction apparently did not result in any injuries to the victim.[4]

Given the evidence of dissimilarity and the lack of evidence of similarity between the conduct underlying the 1994 Conviction and the Superseding Indictment, the court finds that the 1994 Conviction, standing alone, is weak propensity evidence. Further, the

---

[4] If injury had resulted, Defendant was subject to a felony conviction, not an aggravated misdemeanor. *See* Iowa Code § 709.11.

7

court notes that approximately twelve years passed between the conduct underlying the 1994 Conviction and the Superseding Indictment without any other sexual assaults.[5] Accordingly, the court finds that the 1994 Conviction has low probative value. *See United States v. Johnson*, 54 Fed. Appx. 453, 454 (8th Cir. 2002) (holding that district court erred in admitting Rule 413 evidence, because there were material differences in the ages of the victims and thus the Rule 413 evidence did not establish a propensity to commit sexual assault); *see also Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 156 (3d Cir. 2002) (affirming exclusion of evidence of dissimilar prior sexual assaults under Rule 403).

### B. Prejudicial Effect

Defendant contends that the 1994 Conviction presents dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. The court finds that the 1994 Conviction presents dangers of confusion of the issues and misleading the jury, and its admission would unduly delay trial and waste time. "These risks will be present every time evidence is admitted under Rule 413." *Guardia*, 135 F.3d at 1331; *see also Michelson v. United States*, 335 U.S. 469, 476 (1948) (stating that excluding prior bad acts evidence "tends to prevent confusion of issues, unfair surprise and undue prejudice").

There is not an enormous risk of unfair prejudice here. The court recognizes that there is a "risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment." *Old Chief v. United States*, 519 U.S. 172, 180-81 (1997). This risk of prejudice, however, is

---

[5] The court does not imply that there is a time limit on Rule 413 evidence. Congress explicitly rejected imposing a time limit on such evidence, and the Eighth Circuit Court of Appeals has affirmed the admission of prior bad acts evidence that was approximately twenty years old, when the prior bad acts evidence was "almost identical" to the charged conduct. *United States v. Gabe*, 237 F.3d 954, 960 (8th Cir. 2001). Here, there is no evidence that the prior bad act was even similar, let alone "almost identical" to the alleged crime.

8

not necessarily a risk of *unfair* prejudice; the very purpose of Rule 413 evidence is to show propensity. *See Gabe*, 237 F.3d at 960 ("Because propensity evidence is admissible . . . , this is not *unfair* prejudice." (Emphasis in original.)); *see also Withorn*, 204 F.3d at 794-95 (searching for "prejudice beyond that which all propensity evidence in such trials presents"). Further, the government's failure to seek admission of the underlying facts of the 1994 Conviction at trial and the availability of a limiting instruction lessens the risk of unfair prejudice. *See, e.g., Tail*, 459 F.3d at 858-59 (approving of a cautionary instruction for Rule 413 evidence); *Medicine Horn*, 447 F.3d at 623-24 (same); *Mound*, 149 F.3d at 800 n.2 & 802 (same).

### *C. Balancing*

Balancing the probative value and the risk of prejudice of the 1994 Conviction, the court finds that its probative value is substantially outweighed by the dangers of confusion of the issues, misleading the jury and considerations of undue delay and waste of time. Although the dangers of confusion of the issues, misleading the jury and considerations of undue delay and waste of time are not especially great, the probative value of the 1994 Conviction is particularly weak in this case.

The court recognizes that Rule 413 evidence is not often excluded under Rule 403. This case is the exception, not the rule:

> [Liberally admitting prior bad acts evidence] makes sense when the past act sought to be introduced under Rules 413-15 is demonstrated with specificity, and is sufficiently similar to the type of sexual assault allegedly committed by the defendant. In these archetypal cases, where the propensity inference that can be drawn from the past act evidence is greatest, Congress surely intended for the probative value of the evidence to outweigh its prejudicial effect, and, conversely, did not want Rule 403 factors such as undue delay, waste of time, confusion of the issues, etc., to justify exclusion.

9

> In other cases, however, where the past act is not substantially similar to the act for which the defendant is being tried, and/or where the past act cannot be demonstrated with sufficient specificity, the propensity inference provided by the past act is weaker, and no presumption in favor of admissibility is warranted. Where a past act cannot be shown with reasonable certainty, its probative value is reduced and it may prejudice the defendant unfairly, confuse the issues, mislead the jury, and result in undue delay and wasted time—all reasons for excluding evidence under Rule 403. The same can be said of evidence of past acts that are dissimilar to the act for which the defendant is being tried; in particular, the introduction of dissimilar past acts runs the risk of confusing the issues in the trial and wasting valuable time.

*Johnson*, 283 F.3d at 155-56.

## *VI. CONCLUSION*

**IT IS ORDERED:**

(1) The Motion (docket no. 45) is **DENIED**;

(2) The parties shall not directly or indirectly refer to or elicit answers from witnesses on the prohibited subject in the presence of the jury. Each party is charged with the responsibility of cautioning their witnesses and making them aware of the court's Order; and

(3) The time between the filing of the Motion and the date of this Order is hereby excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); *id.* § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

10

**IT IS SO ORDERED.**

**DATED** this 5th day of April, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

11